# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES DURY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNIT MANAGER CIUFO,<br><br>　　　　　Defendant. | CASE NO. 1:12-cv-01810-AWI-SAB<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM  (ECF No. 1)<br><br>ORDER DENYING MOTION TO AMEND COMPLAINT AS MOOT (ECF No. 15)<br><br>ORDER DISREGARDING PLAINTIFF'S NOTICE TO THE CLERK OF COURT (ECF No. 13)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AN UNJUST COURT AND MOTIONS FOR DEFAULT JUDGMENT (ECF No. 10, 11, 14)<br><br>THIRTY-DAY DEADLINE |

## I.

## PROCEDURAL HISTORY

Plaintiff Matthew James Dury ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors. This action was filed on November 5, 2012.  On December 17, 2012, Plaintiff filed a motion to an unjust court and a motion for default. (ECF Nos. 10, 11.)  On January 22, 2013, Plaintiff filed a letter and a motion for default judgment. (ECF Nos. 13, 14.)  Plaintiff filed a motion to amend the complaint on February 6, 2013.  (ECF No. 15.)

1

Since Plaintiff's complaint is being dismissed with leave to amend, the motion to amend the complaint shall be denied as moot.

## II.

## SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

## III.

## COMPLAINT ALLEGATIONS

Plaintiff is in the custody of the Federal Bureau of Prisons, and is currently housed at the United States Penitentiary in Atwater, California. Plaintiff alleges that he informed Defendant Ciufo that he was in need of stamps. In the first week of September, Plaintiff claims that he should have

been provided five personal and five legal stamps, but did not receive them until September 10, 2012. Additionally, Plaintiff states that during the month of September he only received fifteen of the twenty five stamps he was entitled to. Plaintiff claims that the failure to provide stamps is violating his First Amendment rights because it interferes with his ability to file appeals seeking an administrative remedy.

Additionally, Plaintiff claims that he has been on twenty-four hour lock down for the past five years, with two years remaining on his sentence, in violation of the Eighth Amendment. Plaintiff is seeking monetary and injunctive relief and requesting to be released from prison.

For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

## IV.

## DISCUSSION

### A.   Access to the Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). The right is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351.

Plaintiff may not pursue a claim for denial of access to the courts based on the administrative remedy process. Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). In this instance, Plaintiff has not alleged any facts demonstrating that he suffered an actual injury to qualifying litigation, therefore his claim fails as a matter of law. Christopher, 536 U.S. at 415; Lewis, 518 U.S. at 351.

**B.     Deliberate Indifference**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Plaintiff's complaint fails to demonstrate that he faces a substantial risk of serious harm due to his conditions of confinement.  Further, under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).   Plaintiff has not linked any named defendant to any acts or omissions that purportedly led to the violation of those rights.  The general assertion that he is being subjected to cruel and unusual punishment do not suffice to show that Plaintiff's constitutional rights were violated by any individual named in the complaint. Iqbal, 129 S.Ct. at 1949-50.

**V.**

**MOTIONS FOR DEFAULT JUDGMENT**

Plaintiff has filed two motions for default judgment based upon the defendants alleged failure to defend in this action.  (ECF Nos. 11, 14.)  Pursuant to Federal Rules of Civil Procedure 55, obtaining a default judgment is a two step process. Yue v. Storage Technology Corp., No. 3:07-cv-05850, 2008 WL 361142, *2 (N.D.Cal. Feb, 11, 2008).  Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a).  After entry of default, the plaintiff can seek entry of default judgment. Fed. R. Civ. P. 55(b)(1) and (2).

4

As Plaintiff was advised in the first information order, issued November 6, 2012, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court directs the United States Marshal to serve the complaint only after the complaint has been screened and found to state a cognizable claim. (First Information Order ¶12, ECF No. 3.) In this case, Plaintiff's complaint is being dismissed, with leave to amend, for failure to state a claim. Thus, at this juncture, service is not yet appropriate and defendants are not in default. Accordingly, Plaintiff's motions for default shall be denied.

## VI.

## LETTER TO CLERK OF THE COURT

Plaintiff filed a letter threatening to file obstruction of justice charges against the Clerk of the Court for failure to file and docket his pleadings. Plaintiff is advised that he cannot file criminal charges against another individual, decisions to criminally prosecute are within the discretion of the district attorney or United States Attorney. Further, the Court has reviewed Plaintiff's cases and is aware of his numerous filings. Plaintiff's documents are being received and filed with the court. Accordingly, Plaintiff's letter, filed January 22, 2013, is disregarded.

## VII.

## MOTION TO UNJUST COURT

Finally, Plaintiff filed a document entitled "Motion to Unjust Court" on December 17, 2012. In his motion Plaintiff alleges that Defendants are in default due to the failure to respond to Plaintiff's motions to the Court. As discussed above, since Plaintiff has failed to state a cognizable claim, the Court has not ordered service of the complaint. No defendant has been served, and therefore, no one is required to file responses to Plaintiff's motions.

Plaintiff additionally alleges that he has only received five stamps in thirty days, and the Court has failed to stop the criminal torture of Plaintiff. A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d at 1057. Failing to provide Plaintiff with

5

1 stamps does not rise to the level of cruel and unusual punishment in violation of the Eighth
2 Amendment.

3     Plaintiff also raises claims regarding default on a case he has proceeding in North Carolina
4 and states he is an innocent man who is falsely imprisoned.  When a prisoner is challenging the
5 legality or duration of her custody and the relief he seeks is immediate or speedier release, his sole
6 federal remedy is habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841
7 (1973).  Plaintiff's attempt to be released from custody due to his claim that he is innocent is not
8 cognizable in this section 1983 action.  Accordingly, Plaintiff's motion to an unjust court shall be
9 denied.

10                                              **VIII.**
11                                   **CONCLUSION AND ORDER**

12     For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for
13 a violation of his constitutional rights.  Plaintiff is granted leave to file an amended complaint within
14 thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the
15 nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507
16 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

17     Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
18 named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
19 Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the
20 duties and responsibilities of each individual defendant whose acts or omissions are alleged to have
21 caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although
22 accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the
23 speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

24     Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,
25 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must
26 be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

27     Based on the foregoing, it is HEREBY ORDERED that:
28     1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed November 5, 2012, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff's motion to amend the complaint, filed February 6, 2013, is DENIED as moot;

5. Plaintiff's letter, filed January 22, 2013, is DISREGARDED;

6. Plaintiff's motions for default judgment, filed December 17, 2012, and January 22, 2013, are DENIED;

7. Plaintiff's motion to an unjust court, filed December 17, 2012, is DENIED; and

8 If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   February 21, 2013**

UNITED STATES MAGISTRATE JUDGE